UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY A. JOHNSON, | CHAPTER 7 BANKRUPTCY CASE NO. 11-15418 |
| PLAINTIFF, | |
| vs. | ADVERSARY NO. 11-01163 |
| NATIONAL COLLEGIATE TRUST, | JUDGE T. M. WEAVER |
| DEFENDANT. | |

## MOTION TO DISMISS

National Collegiate Trust ("hereinafter "Defendant"), the named defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), files this Memorandum of Law pursuant to FED.R.CIV.P. 8(a)(2) and 12(b)(6), made applicable herein by FED.R.BANKR.P. 7008 and 7012, respectively, in support of its Motion to Dismiss (the "Motion"), *Amended Adversary Complaint to Determine Dischargeability of Debt* (the "Complaint"), of the above captioned Debtor, for failure to state a claim and meet the pleading standards set forth in FED.R.BANKR.P. 7008. In further support of the Motion, Defendant states as follows:

1. On September 30, 2011 Debtor Stacy A. Johnson (hereinafter "Debtor" or "Plaintiff") filed a Chapter 7 bankruptcy case. Debtor proceeded to file an adversary complaint to discharge student loans pursuant to 11 U.S.C. § 523 (a)(8). Debtor filed the complaint on November 8, 2011. Debtor received a discharge on January 4, 2012.

2. Plaintiff filed an amended complaint to substitute First Marblehead Corp., Inc. as the defendant on February 9, 2012.

3. In both the complaint and amended complaint (hereinafter collectively referred to as "Complaint"), Plaintiff does not provide any facts to support the contention that the student loans should be discharged. The sole reasons for Plaintiff's Complaint to discharge the student loans are "that the above listed loans were not qualified higher education loans as defined in §221(d)(1) of the Internal Revenue Code" and "that the proceeds from the above listed loans were not applied nor required to be applied towards paying any qualified education expense as defined in section 472 of the Higher Education Act of 1965, 20 U.S.C. §108711." See paragraphs numbered 4 and 5 of Plaintiff's Complaint.

4. Plaintiff's Complaint and Amended Complaint admit the loans are student loans and merely conclude that they are not the type of student loans that are nondischargeable under 11 U.S.C. §523(a)(8)(B). The Complaint further fails to address the applicability of 11 U.S.C. §523(a)(8)(A) to Plaintiff's student loans.

5. Defendant requests this court to dismiss the adversary proceeding at this time because the Complaint is a mere recitation of legal conclusions. The Complaint fails to meet the standards of notice pleading under case law established by the United States Supreme Court, the Court of Appeals for the Tenth Circuit, and the Bankruptcy Courts in this District. Accordingly, the Complaint should be dismissed.

6. Defendant seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure rule 12 (b)(6), made applicable by Federal Bankruptcy Rule 7012 for "failure to state a claim upon which relief can be granted" FED.R.CIV.P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A court's fundamental inquiry in

the Rule 12(b)(6) context is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982).

7. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain sufficient factual allegations which, if true, would establish plausible grounds for a claim: the threshold requirement... [is] that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief." *The Official Committee of Unsecured Creditors of Midway Games, Inc. v. Nat'l Amusements Inc. (In re Midway Games Inc.)*, 428 B.R. 303, 312 (Bankr. D. Del. 2010) (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Federal Rule of Civil Procedure 8 also requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). These standards govern the Motion to Dismiss.

8. Plaintiff's Complaint should be dismissed, with prejudice, for failure to state a claim for the reasons more fully set forth below.

9. Rule 8(a)(2) of the Federal Rules of Civil Procedure, made applicable herein by FED.R.BANKR.P. 7008, provides that a complaint must contain a "short and plain statement of the claim." The Supreme Court has interpreted this standard as requiring a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (emphasis added). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

10. [A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Determining whether a complaint is "facially plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but not shown - that the pleader is entitled to relief." *Id.* at 1950.

11. The Tenth Circuit Court of Appeals has also addressed this issue. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, U.S. 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. N.M. 2010) Id .(quoting *Iqbal 129 S. Ct. at 1950* (quoting Fed. R. Civ. P. 8(a)(2)). In a bankruptcy context, Plaintiff must provide facts sufficient to show that the loans are dischargeable because they do not meet any of the criteria of §523(a)(8).

12. Plaintiff's Complaint is entirely conclusory and does not meet the standard factual assertions necessary to discharge a student loan in the Tenth Circuit. Specifically, it does not allege facts in support of the bare allegation that the student loans are not "qualified higher education loans" as defined in IRC §221(d)(1). Nor does the Complain allege facts in support of the bare allegation that the student loans were "not applied nor required to be applied towards paying any *qualified education expense* as defined in section 472 of the Higher Education Act of 1965, 20 U.S.C. §108711." See paragraphs numbered 4 and 5 of Plaintiff's Complaint. Because the Complaint contains only legal conclusions, it fails to set forth a "claim for relief that is plausible on its face." *Iqbal*, 1949.

13. As Plaintiff has failed to plead this matter properly, Defendant requests that its Motion to Dismiss be granted.

WHEREFORE, for the reasons stated above, National Collegiate Trust respectfully requests that its Motion to Dismiss be granted, with prejudice, and for such other relief as the Court deems just.

Respectfully Submitted,

s/Roger D. Everett
ROGER D. EVERETT   OBA#2788
Everett, P.C.
508 W. Vandament, Suite 300
Yukon, Oklahoma 73099
(405)350-0990   FAX (405)354-2834
Email: rdelaw@juno.com
Attorney for Defendant
National Collegiate Trust

## CERTIFICATE OF SERVICE

I, Roger D. Everett, certify that on this 2nd day of March, 2012, I caused the above Motion to Dismiss to be filed electronically with the Court Clerk of U.S. Bankruptcy Court for the Western District of Oklahoma and as such the Court Clerk noticed all parties requesting notice via the Court's CM/ECF electronic noticing system including but not limited to the following parties:

Marty D. Martin, Attorney for Debtor/Plaintiff
marty@attorneyok.com

Robert A. Brown, Chapter 7 Trustee
bob@bobbrownattorney.com,amy@bobbrownattorney.com;rabrown@ecf.epiqsystems.com; teresa@bobbrownattorney.com; reception@bobbrownattorney.com

Office of the United States Trustee
USTPRegion20.TU.ECF@usdoj.gov

and via U.S. Mail postage prepaid to :

Stacy A. Johnson
1905 Westchester Drive
Oklahoma City, OK 73120-1130

                                       s/Roger D. Everett
                                       ROGER D. EVERETT