IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STACY A JOHNSON ) | |
|     DEBTOR ) | CASE NO. 11-05418 |
| ) | |
| ) | |
| STACY A JOHNSON ) | |
|     PLAINTIFF ) | |
| ) | |
| vs. ) | ADVERSARY NO. 11-01163 |
| ) | |
| NATIONAL COLLEGIATE TRUST ) | |
|     DEFENDANT ) | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Stacy Johnson, Plaintiff, by and through her attorney of record, Marty D. Martin, and respond's to Defendant's Motion to Dismiss with this Memorandum of Law. The Plaintiff responds to Defendant's Motion, by paragraph, as such:

1. Agreed.

2. National Collegiate Trust was added as the Defendant but the Plaintiff stipulates that these entities are one and the same as alleged by Defendant's brief.

3. Denied. The amended complaint alleges in Paragraph 5 that the loans in question were not used for qualified education expenses. These are factual allegations. These allegations are not conclusory as the Defendant suggests. These allegations, if true, "carry enough heft to sho[w] that the pleader is entitled to relief." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). That is, under 472 of the Higher Education Act of 1965, 20 U.S.C., if these loans were not used for educational purposes as defined under statute, they would be subject to discharge. Pleadings containing enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the

    claim will survive a motion to dismiss due to a 12(b)(6) complaint. *Id.*

4. Denied. It is clear upon reading the alleged facts against the backdrop of cited statute that if the debts were not used for educational purposes they would be subject to discharge. This connection is clear and obvious.

5. Denied for reasons stated above.

6. The factual allegations in Plaintiff's complaint are clear – The Plaintiff is claiming that the funds from the loans in question were not used for educational purposes as defined by statute. This is a clear factual allegation which, if true, most certainly "possess enough heft to sho[w] that the pleader is entitled to relief." *The Official Committee of Unsecured Creditors of Midway Games, Inc. v. Nat'l Amusements, Inc.,* 428 B.R. 303, 312 (Bankr. D. Del. 2010).

7. Denied. The factual allegation that the funds were not used for educational purposes speak for themselves. Merriam-Webster defines "speculative" as "theoretical rather than demonstrable." *From http://www.merriam-webster.com/dictionary/speculative*. The factual allegation that the funds were not used for educational purposes would certainly not qualify as "speculative" by the plain-meaning of the term nor by the usage in Defendant's context. *See Twombly,* 550 U.S. at 545.

8. Denied.

9. Denied. The factual allegation that the funds were not used for educational purposes speak for themselves. Merriam-Webster defines "speculative" as "theoretical rather than demonstrable." *From http://www.merriam-webster.com/dictionary/speculative*. The factual allegation that the funds were not used for educational purposes would certainly not qualify as "speculative" by the plain-meaning of the term nor by the

usage in Defendant's context. *See Twombly,* 550 U.S. at 545.

10. Stipulated to as to the authority that is quoted. However, under the facts of the Plaintiff's complaint, the Plaintiff is not inferring any of the allegations. It is clear upon reading that Plaintiff contends that the money was not used for educational purposes, this is not an inference.

11. Denied for reasons set forth above.

12. Denied.

13. Denied.

WHEREFORE, for reasons stated above, Plaintiff respectfully requests the Defendant's Motion to Dismiss be denied and for such other relief as the Court deems just. Alternatively, the Plaintiff asks the Court for leave to amend the Complaint.

Respectfully submitted,

/s/Marty D. Martin
Marty D. Martin OK Bar #19874
Attorney for Plaintiff
6440 Avondale Dr. #200
Oklahoma City, OK  73116
(405) 255-2380 telephone
(405) 576-3952 facsimile
marty@attorneyok.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STACY A JOHNSON ) | |
|       DEBTOR ) | CASE NO. 11-05418 |
| ) | |
| ) | |
| STACY A JOHNSON ) | |
|       PLAINTIFF ) | |
| ) | |
| vs. ) | ADVERSARY NO. 11-01163 |
| ) | |
| NATIONAL COLLEGIATE TRUST ) | |
|       DEFENDANT ) | |

### CERTIFICATE OF MAILING

Marty D. Martin does hereby certify that on March 20, 2012 copies of the Response to Motion to Dismiss was served upon the following via the Court's CM/ECF noticing system:

Roger Everett – Attorney for Defendant

Robert Brown – Chapter 7 Trustee

/s/ Marty D. Martin, OBA #19874
*Attorney for the Plaintiff*
6276 Stone Hill Drive
Edmond, OK  73034
Telephone: (405) 255-2380
Fax: (405) 576-3952
marty@attorneyok.com